# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL COLELLA, individually and on behalf of all others similarly situated,    )    )    ) | Civil Action No.08-cv-00129 |
| Plaintiff,     )    ) | Honorable Arthur J. Schwab |
| v.     )    ) | |
| UNIVERSITY OF PITTSBURGH, and DOES 1 through 10, inclusive,    )    ) | **Electronically Filed** |
| Defendants.     )    ) | |

**CLASS ACTION SETTLEMENT AGREEMENT AND PROPOSED
PRELIMINARY APPROVAL ORDER (Exhibit A); CLASS NOTICE
(Exhibit B); FINAL APPROVAL ORDER (Exhibit C); FINAL
JUDGMENT (Exhibit D)**

IT IS HEREBY STIPULATED AND AGREED by and between Michael Colella (the "Class Representative"), on behalf of himself and all others similarly situated, on the one hand, and the University of Pittsburgh (the "University"), on the other hand, as set forth below:

**I.       The Conditional Nature of This Stipulation.**

This Class Action Settlement Agreement and all associated exhibits or attachments (herein "Settlement Agreement") is made for the sole purpose of attempting to consummate settlement of this action on a class-wide basis. The Settlement Agreement is made in compromise of disputed claims. Because this action was pled as a class action, this settlement must receive preliminary and final approval by the Court. Accordingly, the Settling Parties enter into this Stipulation and associated settlement on a conditional basis. In the event that the Court does not execute and file the Order Granting Final Approval of Settlement, or in the event that the associated Judgment does not become Final for any reason, this Settlement Agreement shall be deemed null and void *ab initio,* it shall be of no force or effect whatsoever, it shall not be referred to or utilized for any purpose whatsoever, and the negotiation, terms and entry of the Settlement Agreement shall, in accordance with the provisions of Federal Rule of Evidence 408 and any similar state law, not be used as evidence.

The University denies all of the claims as to liability, damages, penalties, interest, fees, restitution and all other forms of relief as well as the class action allegations asserted in the Litigation.  The University has agreed to resolve this Litigation through this Settlement Agreement, but to the extent this Settlement Agreement is deemed void or the Effective Date does not occur, the University does not waive, but rather expressly reserves, all rights to challenge all such claims and allegations in the Litigation upon all procedural and factual grounds, including without limitation the ability to challenge class action treatment on any grounds or assert any and all defenses or privileges.  The Class Representative and Class Counsel agree that the University retains and reserves these rights and agree not to take a position to the contrary; specifically the Class Representative and Class Counsel agree not to argue or present any argument, and hereby waive any argument, that the University could not contest class certification on any grounds if this Litigation were to proceed.

II.     **The Parties to this Settlement Agreement.**

This Settlement Agreement (with the associated exhibits) is made and entered into by and among the following Settling Parties: (i) the Class Representative (on behalf of himself and each of the Class Members), with the assistance and approval of Class Counsel; and (ii) the University, with the assistance of its counsel of record in the Litigation.  The Settlement Agreement is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims upon and subject to the terms and conditions hereof.

III.    **Defendant's Denial of Wrongdoing or Liability.**

The University and the University Releasees deny all of the claims and contentions alleged by the Class Representative in the Litigation.  Nonetheless, the University has concluded that further conduct of the Litigation is likely to be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.  The University has also taken into account the uncertainty and risks inherent in any litigation, especially in multi-party cases like this Litigation.  The University has therefore determined that it is desirable and beneficial to it

2

that the Litigation be settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.

### IV.    Terms of the Settlement.

NOW, THEREFORE, IT IS HEREBY FURTHER STIPULATED AND AGREED by and between the Class Representative (for himself and the Class Members) and the University, with the assistance of their respective counsel or attorneys of record, that, as among the Settling Parties, including all Class Members, the Litigation and the Released Claims shall be finally and fully compromised, settled and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Settlement Agreement.

1.    Definitions.

As used in all parts of this Settlement Agreement, the following terms have the meanings specified below:

1.1    The "University" means the University of Pittsburgh, a state-related university located in Pittsburgh, Pennsylvania.

1.2    "University Releasees" or "The University Releasees" means the University and each of its trustees, employees, agents, contractors (including TicketReturn LLC) representatives, attorneys, successors and assigns.  This Settlement Agreement does not and is not intended to release any claims the University has or might have against TicketReturn LLC or any other person or entity, including, but not limited to, claims for contribution and/or indemnity.

1.3    "Class" means the collective group of those individuals defined as follows:

> All current and former University of Pittsburgh students who (i) purchased sporting event student tickets via the Internet between December 4, 2006 and January 31, 2008; and (ii) received an electronic receipt or receipts at the point of sale or transaction which displayed (a) more than the last five digits of the student's credit card or debit card number and/or (b) the expiration date of the student's credit or debit card number.

1.4    "Class Counsel" means the law firm of Carlson Lynch.

1.5    "Class Member" or "Member of the Class" means a person who is a member of the Rule 23 Class, who does not properly opt-out of the Class, as discussed herein.

1.6    "Court" means the United States District Court for the Western District of Pennsylvania.

1.7    "Effective Date" means the date on which the Judgment becomes Final.

1.8    "Final" means:  (i) the date of final affirmance on an appeal of the Judgment; (ii) the date of final dismissal with prejudice of the last pending appeal from the Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any form of valid appeal from the Judgment.  Notwithstanding the foregoing, any proceeding or order, or any appeal or petition for a writ pertaining solely to the award of attorneys' fees or costs shall not, by itself, in any way delay or preclude the Judgment from becoming Final.

1.9    "Full Notice" means the notice to be approved by the Court substantially in the form attached hereto as Exhibit B2, to be referenced in the Mail Notice and to be made available at a website address.

1.10    "Judgment" means the judgment to be rendered by the Court pursuant to this Settlement Agreement substantially in the form attached hereto as Exhibit D.

1.11    The "Litigation" or the "Lawsuit" means the lawsuit entitled MICHAEL COLELLA, individually and on behalf of all others similarly situated, v. UNIVERSITY OF PITTSUBURGH, Defendant, United States District Court for the Western District of Pennsylvania, Civil Action No. 08-129.

1.12    "Mail Notice" means the notice to be approved by the Court substantially in the form attached hereto as Exhibit B1, to provide the website address where the Full Notice and Settlement Claim Certification Form are available, and to be sent to each Member of the Class readily identifiable by the University with reasonable accuracy from its current records, as follows:

(a)    By e-mail, to all Class Members who are currently enrolled as students at the University;

4

(b)    By mail, to all Class Members who are not currently enrolled as students at the University.

1.13    "Mail Notice Completion Date" means the date 30 days from the Preliminary Approval Date, on which the sending of the Mail Notice to all Class Members as discussed herein will be completed.

1.14    "Notice Response Deadline" means the date forty-five (45) days after the Mail Notice Completion Date.

1.15    "Order of Final Approval" or "Order Granting Final Approval of Settlement" means an order to be entered and filed by the Court entitled "Order Granting Final Approval of Settlement" substantially in the form attached hereto as Exhibit C.

1.16    "Participating Claimant" or "Participating Claimants" means each Member of the Settlement Class who properly and timely submits a Qualifying Settlement Claim Certification Form in response to the Class Notice.

1.17    "Preliminary Approval Date" mean the date on which the Court enters the Preliminary Approval Order.

1.18    "Preliminary Approval Order" means an order to be executed and filed by the Court entitled "Order Granting Preliminary Approval" substantially in the form attached hereto as Exhibit A.

1.19    "Qualifying Settlement Claim Certification Form" means a Settlement Claim Certification Form that is completed, properly executed and timely returned to the University of Pittsburgh. A Settlement Claim Certification Form may be completed and submitted electronically, with an electronic signature, at a website address established for that purpose by the University, or may be completed in hard copy and submitted via first class mail to Panthers Ticket Office, Attn. Settlement Agreement, P.O. Box 7436, Pittsburgh, PA 15213. The Settlement Claim Certification Form must be submitted electronically or, in the case of a hard copy, postmarked, on or before the date forty-five (45) days after the Mail Notice Completion Date. The University shall have the right to verify that each claim submitted is valid and

5

qualifies for Class Relief pursuant to this Settlement Agreement. Class Counsel shall be apprised of any claim being challenged by the University, and the Parties, through their counsel, shall confer, by telephone if possible, in an attempt to resolve any challenged claim.

       1.20    "Released Claims" mean, collectively, any and all claims, including claims asserted in the Litigation and Unknown Claims as defined herein, demands, rights, liabilities and causes of action of every nature and description whatsoever including, without limitation, statutory, constitutional, contractual or common law claims for any type of relief, whether known or unknown, whether or not concealed or hidden, against the University Releasees, or any of them, arising out of any event, occurrence or transaction on or prior to the entry of the Judgment, including, without limitation, claims for damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief, based on any and all claims in any way related to the publication of cardholder account information on a receipt at the point of sale or transaction, including but not limited to more than the last five digits of the cardholder's account number or the expiration date. This Settlement Agreement does not and is not intended to release any claims the University has or might have against TicketReturn LLC or any other person or entity, including, but not limited to, claims for contribution and/or indemnity.

       1.21    "Settlement Claim Certification Form" means the form attached to the "Class Notice," in the same or substantially the same manner as set forth in Exhibit B1and B2.

       1.22    "Settlement Hearing" or "Fairness Hearing" means a hearing set by the Court to take place after the Notice Response Deadline for the purpose of (i) determining the fairness, adequacy and reasonableness of the Settlement Agreement and associated settlement pursuant to class action procedures and requirements; and (ii) entering Judgment.

       1.23    "Settlement Relief Options" means those options described in Part IV, Section 2 of this Agreement.

       1.24    "Settling Parties" means the University and the Class Representative on behalf of himself and all Members of the Settlement Class.

1.25    "Settlement Agreement" means this Agreement and all of its attachments and exhibits, which the Settling Parties understand and agree sets forth all material terms and conditions of the Settlement between them and which is subject to Court approval.  It is understood and agreed that the University's obligations for payment and distribution of the Settlement Relief Options under this Settlement Agreement are conditioned on, among other things, the occurrence of the Effective Date.

1.26    "Unknown Claims" means any Released Claims which the Class Representative or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the entry of the Judgment, and which, if known by him, her or it might have affected his, her or its settlement with and release of the University Releasees.  The Class Representative and each Settlement Class Member may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but the Class Representative and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Class Representative acknowledges, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing release was separately bargained for and a key element of the settlement of which this release is a part.  This Settlement Agreement does not and is not intended to release any claims the University has or might have against TicketReturn LLC or any other person or entity, including, but not limited to, claims for contribution and/or indemnity.

2.      The Settlement.

2.1     *Consideration to Settlement Class Members*

2.1.1           The University, according to the terms, conditions and procedures set forth in this Settlement Agreement, shall provide to each Participating Claimant one of the following Settlement Relief Options:  1) a ticket with a $10 face value to the Pittsburgh v. Rutgers football game on October 25, 2008, or 2) a ticket with a $10 face value to the Pittsburgh v. Louisville football game on November 8, 2008.  All tickets shall be fully transferable.

2.2     *Court Approval of Notice to the Class; Settlement Hearing.*

The Class Representative and the University, through their counsel of record in the Litigation, shall file this Settlement Agreement with the Court and shall jointly move for preliminary approval of this Settlement Agreement.  Through this submission and a supporting motion, the Settling Parties, through their counsel of record, will request that the Court enter the Preliminary Approval Order thereby scheduling the Settlement Hearing for the purposes of determining the fairness, adequacy and reasonableness of the settlement, granting final approval of the settlement, granting final approval of this Settlement Agreement and entering Judgment.

2.2.1    If the Court enters the Preliminary Approval Order, then at the resulting Settlement Hearing, the Class Representative and the University, through their counsel of record, shall address any written objections from Class Members or any concerns from Class Members who attend the hearing as well as any concerns of the Court, if any, and shall and hereby do, unless provided otherwise in this Settlement Agreement, stipulate to final approval of this Settlement Agreement and entry of the Judgment by the Court.

2.3     *Notice to Class Members*.

2.3.1   If, by entering the Preliminary Approval Order, the Court provides authorization to send the Mail Notice to Class Members, the University, will cause the sending of the Mail Notice. The Mail Notice will provide a website address where the Full Notice and the Settlement Claim Certification Form will be available. A copy of the proposed Class Notice is appended to this Agreement as Exhibits B1 and B2.

2.3.2   Not later than 30 days after entry of the Preliminary Approval Order, the University shall complete the following tasks, at its own expense:

(a)     Mail or e-mail the Mail Notice to each Class Member readily identifiable by the University with reasonable accuracy from its current records; and

(b)     Make available at a website address, to be described in the Mail Notice, the Full Notice and the Settlement Claim Certification Form.

2.3.3   The University shall be responsible for paying all costs of the Class Notice.

2.3.4   The University shall provide Class Counsel with written confirmation that the Mail Notice has been sent to each Class Member.

2.3.5   The manner of notice described in this Settlement Agreement is the most practicable method of providing notice to Class Members, and is reasonably calculated under the circumstances to apprise them of the pendency of this Litigation, of their right to object to or seek exclusion from the settlement, or otherwise to avail themselves of the rights created by the settlement.

9

2.4     *Responses to the Notice Re: Pendency of Class Action; Motion for Final Approval.*

2.4.1     Class Members have the option to participate in this Lawsuit at their own expense by obtaining their own attorney(s).  Class Members who choose this option will be responsible for any attorney fees or costs incurred as a result of this election.  The Class Notice will advise Class Members of this option.

2.4.2     Class Members may elect to "opt out" of the Settlement and thus exclude themselves from the Lawsuit and the Class.  Class Members who wish to exercise this option must do so in writing by mail postmarked on or before the Notice Response Deadline.  Otherwise, those Class Members will be deemed to have forever waived their right to opt out of the Settlement Class.  Class Members who do properly opt out shall have no further role in the Litigation, and for all purposes they shall be regarded as if they never were a party to this Litigation, and thus they shall not be entitled to any benefit as a result of this Litigation, including without limitation any tolling of any pertinent statute of limitations.  If more than two percent (2.0%) of eligible Class Members opt-out of the Settlement, the University shall have the option of terminating the Settlement Agreement at their sole discretion and if the University exercises this option the Settlement Agreement shall be deemed null and void *ab initio.*

2.4.3     Any Class Member who does not opt out may object to the proposed settlement by filing with the Clerk of Court and delivering to Class Counsel and the University's counsel of record in the Litigation a written statement of objection.   The written statement of objection must be submitted by first class mail and postmarked not later than the Notice Response Deadline.  The written statement of objection must set forth (i) the name of this Litigation; (ii) the Class Member's full name, address, e-mail address, and telephone number; and (iii) the specific reasons for the objection, and any evidence or legal authority the Class Member believes supports the objection.  The Class Notice shall advise Class Members of this option.  Any objections must be in writing and timely submitted or else they are waived.

2.4.4 Prior to the Settlement Hearing and consistent with the rules imposed by the Court, the Class Representative and the University shall jointly move the Court for entry of the Order of Final Approval (and the associated entry of Judgment). Also prior to the Settlement Hearing, the Class Counsel shall file a Motion for Fees and Costs, consistent with this Settlement Agreement. The Class Representative and Class Counsel shall be responsible for justifying the agreed upon payments set forth in the Agreement. To the extent possible, the motion seeking entry of the Order of Final Approval shall be noticed for the same day as the Settlement Hearing. The Settling Parties shall take all reasonable efforts to secure entry of the Order of Final Approval. If the Court rejects the Stipulation, fails to enter the Order of Final Approval, or fails to enter the Judgment, this Agreement shall be void *ab initio*, and the University shall have no obligations under the Settlement Agreement.

*Timing And Method of Distributing Settlement Relief to Participating Claimants and Notice to Class Counsel.*

2.4.5 Within thirty (30) days of and only after the Effective Date, the University shall provide to each Participating Claimant his or her Settlement Relief Option.

2.4.6 Settlement Relief Options issued to Participating Claimants pursuant to this Agreement shall be redeemable only on the date indicated on the ticket, and cannot be exchanged or redeemed for cash. The Settlement Relief Options shall be fully transferable. Participating Claimants who fail to use their Settlement Relief Option in a timely fashion shall, like all Class Members, remain subject to the terms of the Judgment.

2.4.7 Following the mailing of the Settlement Relief Options to Participating Claimants, the University shall provide counsel with a written confirmation of this mailing.

2.5 *Releases.*

2.5.1 Upon the Effective Date, the Class Representative and each of the Class Members (and only these persons) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, dismissed with prejudice, relinquished and discharged all Released Claims.

11

2.6     *Payment of Costs and Attorney Fees to the Class Representatives.*

2.6.1    Class Counsel shall be entitled, subject to Court approval and the occurrence of the Effective Date, to recover appropriate attorney fees, costs and expenses from the University pursuant to applicable law and in accordance with this Settlement Agreement. Subject to Court approval, the University will pay Class Counsel an aggregate sum of $75,000.00 for attorney fees, costs and expenses within fifteen (15) business days of the Effective Date.  In no event shall the University be required to pay more than $75,000 to Class Counsel for attorney fees, costs and expenses.  Payments made pursuant to this Paragraph shall constitute full satisfaction of any claim for attorney fees, costs and/or expenses, and the Class Representative and Class Counsel, on behalf of themselves and all Class Members, agree that they shall not seek nor be entitled to any additional attorney fees, costs and/or expenses under any theory.  The Class Representative and Class Counsel agree that they shall be responsible for justifying the amount of this $75,000 payment to the Court, and they agree to submit the necessary materials to justify this payment along with the Settling Parties' joint motion for final approval of the Settlement Agreement.  The University agrees to support Class Counsels' submission regarding, or request for approval of, this $75,000 payment provided it is consistent with this Settlement Agreement.  If the Effective Date occurs, the University shall make the payment pursuant to this Paragraph to Class Counsel directly, and Class Counsel shall provide counsel for the University with the pertinent taxpayer identification number and a Form W-9 for reporting purposes.  Other than any reporting of this fee payment as required by this Settlement Agreement or law, Class Counsel and the Class Representative shall alone be responsible for the reporting and payment of any federal, state and/or local income or other form of tax on any payment made pursuant to this Paragraph.  The University shall have no tax withholding obligations with respect to any payment made pursuant to this Paragraph.

2.6.2    Within 15 business days after the Effective Date, and only in the event that the Effective Date occurs, the University will forward a check payable to Michael Colella, in his personal capacity only and via his counsel of record, in the gross amount of two

12

thousand five hundred ($2,500.00) United States dollars. This payment shall be compensation and consideration for Colella's efforts as the Class Representative in the Litigation. Other than any reporting of this payment as required by this Settlement Agreement or law, Colella shall alone be responsible for the reporting and payment of any federal, state and/or local income or other form of tax on any payment made pursuant to this Paragraph. The University shall have no tax withholding obligations with respect to any payment made pursuant to this Paragraph.

2.7     *Claims Administration.*

2.7.1    The University shall be responsible for the fees and expenses reasonably incurred to administer the claims process reflected herein. The Class Representative and Class Counsel shall have no responsibility for any costs related thereto. Class Counsel shall not be separately reimbursed by the University for any role that they might play in administering the Settlement Agreement, beyond the Counsel Fees discussed in this Agreement.

2.8     *Termination of Settlement*

2.8.1    In the event that the settlement set forth in this Stipulation shall not be approved in its entirety or substantially as is by the Court, or in the event that the Effective Date does not occur, no payments or Settlement Relief Options shall be made or distributed by the University to anyone in accordance with the terms of this Settlement Agreement, the Settling Parties will bear their own costs and fees with regard to the efforts to obtain Court approval, and this Settlement Agreement shall be deemed null and void *ab initio* with no effect on the Litigation whatsoever.

2.9     *Miscellaneous Provisions.*

2.9.1    The only Class Members entitled to receive the Settlement Relief Options under this Stipulation and the associated Judgment are Participating Claimants. This Settlement Agreement and the associated Judgment do not and will not create any unpaid residue or unpaid residual, and no distribution of such shall be required, other than as expressly indicated in this Agreement.

2.9.2    Unless otherwise ordered by the Court, in the event the
Settlement Agreement shall be terminated, cancelled, declared void or fails to become effective
in accordance with its terms, or if the Judgment is reversed on appeal, within twenty (20)
business days after written notification of such event, the University and Class Counsel shall
notify each other of this event in writing.

2.9.3    In the event that the Settlement Agreement is not substantially
approved by the Court or the settlement set forth in the Settlement Agreement is terminated,
cancelled, declared void or fails to become effective in accordance with its terms, or if the
Judgment does not become Final, or to the extent termination, cancellation or voiding of the
Settlement Agreement is otherwise provided, the Settling Parties shall resume the Litigation at
that time as if no Settlement Agreement had been entered.  In such event, the terms and
provisions of the Settlement Agreement shall have no further force and effect with respect to the
Settling Parties and shall not be used in this Litigation or in any other proceeding for any
purpose, and any Judgment or order entered by the Court in accordance with the terms of the
Settlement Agreement shall be treated as vacated, nunc pro tunc.

2.9.4    The Settling Parties (a) acknowledge that it is their intent to
consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to
effect and implement all terms and conditions of the Settlement Agreement and to exercise their
best efforts to accomplish the foregoing terms and conditions of the Settlement Agreement.

2.9.5    The Settlement Agreement compromises claims which are
contested in good faith, and it shall not be deemed an admission by any of the Settling Parties as
to the merits of any claim or defense.  The Settling Parties agree that the amounts paid in
Settlement and the other terms of the settlement were negotiated in good faith by the Settling
Parties, and reflect a settlement that was reached voluntarily after consultation with competent
legal counsel.

2.9.6   Neither the Settlement Agreement, nor any act performed or document executed pursuant to, or in furtherance of, the Settlement Agreement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the University Releasees, or any of them; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the University Releasees, or any of them, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

2.9.7   All of the exhibits to the Settlement Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

2.9.8   The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

2.9.9   The Settlement Agreement constitutes the entire agreement among the Settling Parties hereto and no representations, warranties or inducements have been made to any party concerning the Settlement Agreement or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each party shall bear its own attorneys' fees and costs.

2.9.10  Class Counsel, on behalf of the Class, are expressly authorized by the Class Representative to take all appropriate action required or permitted to be taken by the Class pursuant to the Settlement Agreement to effect its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Class which they deem appropriate.

2.9.11  Each counsel or other Person executing the Settlement Agreement or any of its exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

2.9.12  The Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.

2.9.13  The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto; but this Settlement Agreement is not designed to and does not create any type of third party beneficiaries.

2.9.14  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

2.9.15  The Settlement Agreement and the exhibits hereto shall be considered to have been negotiated, executed and delivered, and to have been wholly performed, in the Commonwealth of Pennsylvania, and the rights and obligations of the parties to the Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the Commonwealth of Pennsylvania without giving effect to Pennsylvania's choice of law principles.

2.9.16  The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either party. No party shall be deemed the drafter of this Settlement Agreement.  The parties acknowledge that the terms of the Settlement Agreement are contractual and are the product of negotiations between the parties and their counsel.  Each party and their counsel cooperated in the drafting and preparation of the Settlement Agreement.  In any construction to be made of the Settlement Agreement, the Settlement Agreement shall not be construed against any party.  Any canon of contract interpretation to the contrary, under the law of any state, shall not be applied.

2.9.17  The Class Representative, Class Counsel, the University, and counsel for the University shall not make any comment about this Lawsuit or the terms of this Settlement Agreement to the media or news reporting services, except to say that the Litigation was resolved to the Settling Parties' satisfaction.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the parties hereto have caused the Settlement Agreement to be executed.

DATED: _____, 2008

By: _____
        MICHAEL COLELLA

Plaintiff and Class Representative


DATED: _____, 2008

By: _____

On behalf of Defendants


DATED: _____, 2008

By: _____
        MICHAEL J. MANZO
        CHARLES B. GIBBONS

Attorneys for Defendants

DATED: _____, 2008

By: _____
        R. BRUCE CARLSON
        GARY F. LYNCH

Attorneys for Plaintiffs

IN WITNESS WHEREOF, and intending to be legally bound hereby, the parties hereto have caused the Settlement Agreement to be executed.

DATED: _____, 2008          By:_____
                                              MICHAEL COLELLA

                                          Plaintiff and Class Representative

DATED: _May 8_____, 2008          By: _____

                                          On behalf of Defendants

DATED: _May 9_____, 2008          By:_____
                                              MICHAEL J. MANZO
                                              CHARLES B. GIBBONS

                                          Attorneys for Defendants

DATED: _____, 2008          By:_____
                                              R. BRUCE CARLSON
                                              GARY F. LYNCH

                                          Attorneys for Plaintiffs

17

# **<u>Exhibit A</u>**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL COLELLA, individually and on behalf of all others similarly situated, | ) ) ) | Civil Action No.08-cv-00129 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| UNIVERSITY OF PITTSBURGH, and DOES 1 through 10, inclusive, | ) ) ) | |
| Defendants. | ) ) | |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED
CLASS ACTION SETTLEMENT, DIRECTING THE DISSEMINATION OF NOTICE
AND SCHEDULING A FINAL SETTLEMENT HEARING (EXHIBIT A)**

The Court has considered the Class Action Settlement Agreement and its exhibits, the joint motion of the Settling Parties for an order preliminarily approving a class action settlement, directing the dissemination of notice and setting a final settlement hearing, and all other papers filed in this action. The matter having been submitted and good cause appearing therefore:

The Court finds as follows:

1.      All defined terms contained herein shall have the same meanings as set forth in the Class Action Settlement Agreement executed by the Settling Parties and filed with this Court (the "Settlement Agreement");

2.      The Class Representative and the University Releasees, through their counsel of record in the Litigation, have reached an agreement to settle all claims in the Litigation;

3.      The Court preliminarily concludes that, for the purposes of approving this settlement only and for no other purpose and with no other effect on the Litigation, should the proposed Settlement Agreement not ultimately be approved or should the Effective Date not occur, the proposed Rule 23 Class likely meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the proposed Class is ascertainable and so numerous

that joinder of all members of the class is impracticable; (b) there are questions of law or fact common to the proposed Class, and there is a well-defined community of interest among members of the proposed Class with respect to the subject matter of the Litigation; (c) the claims of Class Representative Michael Colella are typical of the claims of the members of the proposed Class; (d) Class Representative Michael Colella will fairly and adequately protect the interests of the Members of the Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; (f) the counsel of record for the Class Representative are qualified to serve as counsel for the Class Representative in their own capacities as well as their representative capacities and for the Class; and, (g) common issues will likely predominate over individual issues;

    4. The moving parties also have presented to the Court for review a Class Action Settlement Agreement.  The Settlement Agreement proposes a Settlement that is within the range of reasonableness and meets the requirements for preliminary approval; and

    5. The moving parties have presented to the Court for review a plan to provide notice to the proposed Class of the terms of the settlement and the various options the Class has, including, among other things, the option for Class Members to opt-out of the class action; the option to be represented by counsel of their choosing and to object to the proposed settlement; and/or the option to become a Participating Claimant.  The notice will be disseminated to the proposed Class consistent with the Settlement Agreement.  The notice proposed by the Settling Parties is the best practicable under the circumstances, consistent with Fed. R. Civ. P. 23(c)(2)(B).

    Good cause appearing therefore, IT IS HEREBY ORDERED that:

    1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Class Action Settlement Agreement is preliminarily approved;

    2. Notice of the proposed settlement and the rights of Class Members to opt in and/or out of the settlement and/or to become a Participating Claimant shall be given by e-mail and direct mail consistent with the terms of the Settlement Agreement by **[DATE]**.

3.      A hearing shall be held before this Court on **[DATE]**, at **[TIME]**, in Courtroom _____, United States Post Office & Courthouse, Seventh Avenue and Grant Street, Pittsburgh, Pennsylvania, 15219, to consider whether the settlement should be given final approval by the Court:

(a)      Written objections by Class Members to the proposed settlement will be considered if received by Class Counsel on or before the Notice Response Deadline;

(b)      At the Settlement Hearing, Class Members may be heard orally in support of or, if they have timely submitted written objections, in opposition to the settlement;

(c)      Class Counsel and counsel for the University Releasees should be prepared at the hearing to respond to objections filed by Class Members and to provide other information as appropriate, bearing on whether or not the settlement should be approved; and

4.      In the event that the Effective Date occurs, all Class Members will be deemed to have forever released and discharged the Released Claims.  In the event that the Effective Date does not occur for any reason whatsoever, the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever.

DATED: _____     _____
                                   The Honorable Arthur J. Schwab
                                   United States District Judge

# **Exhibit B**

## EXHIBIT B1 – MAIL NOTICE

## COLELLA V. UNIVERSITY OF PITTSBURGH, CASE NO.: 2:08-CV-00129

### NOTICE OF CERTIFIED CLASS ACTION SETTLEMENT

- You have been identified as a current or former University of Pittsburgh student who purchased sporting event student tickets via the Internet and who may have received an electronic receipt or receipts during the period December 4, 2006 through January 31, 2008. You may, therefore, be eligible to receive a free ticket to either (1) the Pittsburgh v. Rutgers football game on October 25, 2008 **OR** (2) the Pittsburgh v. Louisville football game on November 8, 2008, pursuant to a Settlement the University of Pittsburgh has reached in the class action case noted above. The Settlement also imposes other requirements, which are set forth in the Settlement Agreement.

- The Settlement resolves a lawsuit over whether the University of Pittsburgh violated certain requirements imposed by the Fair and Accurate Credit Transactions Act ("FACTA"). The University of Pittsburgh denies all liability, but has agreed to this proposed Settlement because it avoids costs and risks from continuing the lawsuit. The Settlement may entitle consumers like you to a free ticket to one of the football games described above and releases the University of Pittsburgh from any liability.

- Court-appointed lawyers for the Class will ask the Court for attorneys' fees and costs, in the amount of $75,000.00, to be paid separately by the University of Pittsburgh.

- Your legal rights are affected whether you act, or don't act.

### DEADLINES:

| | |
|---|---|
| **SUBMIT A CLAIM FORM** | **[45 days from Mail Notice Completion Date]** |
| **EXCLUDE YOURSELF** | **[45 days from Mail Notice Completion Date]** |
| **OBJECT** | **[45 days from Mail Notice Completion Date]** |
| **GO TO A HEARING** | **[DATE]** |

### FOR MORE INFORMATION AND FOR INSTRUCTIONS ON HOW TO SUBMIT A CLAIM FORM, PLEASE VISIT THE FOLLOWING WEBSITE:

**http://pittsburghpanthers.cstv.com/ot/tickets-legal.html**

## EXHIBIT B2 – FULL NOTICE

## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

## COLELLA V. UNIVERSITY OF PITTSBURGH, CASE NO.: 2:08-CV-00129

## NOTICE OF CERTIFIED CLASS ACTION SETTLEMENT

- You have been identified as a current or former University of Pittsburgh student who purchased sporting event student tickets via the Internet and who may have received an electronic receipt or receipts during the period December 4, 2006 through January 31, 2008. You may, therefore, be eligible to receive a free ticket to either (1) the Pittsburgh v. Rutgers football game on October 25, 2008 **OR** (2) the Pittsburgh v. Louisville football game on November 8, 2008, pursuant to a Settlement the University of Pittsburgh has reached in the class action case noted above. The Settlement also imposes other requirements, which are set forth in the Settlement Agreement.

- The Settlement resolves a lawsuit over whether the University of Pittsburgh violated certain requirements imposed by the Fair and Accurate Credit Transactions Act ("FACTA"). The University of Pittsburgh denies all liability, but has agreed to this proposed Settlement because it avoids costs and risks from continuing the lawsuit. The Settlement may entitle consumers like you to a free ticket to one of the football games described above and releases the University of Pittsburgh from any liability.

- Court-appointed lawyers for the Class will ask the Court for attorneys' fees and costs, in the amount of $75,000.00, to be paid separately by the University of Pittsburgh.

- Your legal rights are affected whether you act, or don't act.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

| | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a ticket. |
| **EXCLUDE YOURSELF** | Get no ticket. This is the only option that allows you to ever be part of any other lawsuit against the University of Pittsburgh, about the legal claims in this Litigation. |
| **OBJECT** | Write to the Court about why you don't like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

- These rights and options – and the deadlines to exercise them – are explained in this notice.

- The Court in charge of this Litigation still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals are resolved. Please be patient.

**1.      What is this lawsuit about?**

Michael Colella ("Plaintiff"), on behalf of all Members of the Class, has asserted that the University of Pittsburgh violated certain requirements imposed by the Fair and Accurate Credit Transactions Act ("FACTA"). Specifically, Plaintiff claims that the University of Pittsburgh printed the expiration date of students' credit or debit cards on receipts issued to them in conjunction with the purchase of sporting event tickets via the Internet, in violation of FACTA, as specifically set forth in the Complaint on file and available at the Court at 700 Grant Street, Suite 3100, Pittsburgh, PA 15219. The University of Pittsburgh denies any liability or wrongdoing.

**2.      Why is this a class action?**

In a class action, one or more people called Class Representatives (in this Litigation, Michael Colella), sue on behalf of people who have similar claims. All these people are a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. U.S. District Judge Arthur J. Schwab is in charge of this class action.

**3.      Why is there a settlement?**

The Court did not decide in favor of Plaintiff or Defendant. The Plaintiff thinks he could have prevailed at a trial. The Defendant thinks the Plaintiff would not have prevailed at trial because Defendant did nothing wrong and denies liability. But there was no trial. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will get compensation. The Class Representative and the attorneys think the settlement is best for all Class Members.

**4.      How do I know if I am part of the settlement?**

Judge Schwab decided that everyone who fits this description is a Class Member:

*All current and former University of Pittsburgh students who (i) purchased sporting event student tickets via the Internet between December 4, 2006 and January 31, 2008; and (ii) received an electronic receipt or receipts at the point of sale or transaction which displayed (a) more than the last five digits of the student's credit card or debit card number and/or (b) the expiration date of the student's credit or debit card number.*

**5.      I'm still not sure if I am included.**

If you are still not sure whether you are included, you can contact Class Counsel for free help at the address, telephone number, or e-mail address provided in question 20.  Or you can complete and submit a Settlement Claim Certification Form to see if you qualify.

**6.      What does the settlement provide?**

Class Members who send in a valid Settlement Claim Certification Form will be entitled to receive one of the following Settlement Relief Options:  1) a ticket with a face value of $10 to the Pittsburgh v. Rutgers football game on October 25, 2008 **OR** 2) a ticket with a face value of $10 to the Pittsburgh v. Louisville football game on November 8, 2008.

**7.      How can I get a Ticket?**

If you believe you are a member of the Class and desire to participate in this settlement, you should complete and submit a Settlement Claim Certification Form.  The Settlement Claim Certification Form may be completed and submitted electronically, with an electronic signature, at **http://pittsburghpanthers.cstv.com/ot/tickets-legal.html,** or may be completed in hard copy and submitted via first class mail to **Panthers Ticket Office, Attn: Settlement Agreement, P.O. Box 7436, Pittsburgh, PA 15213**.  The Settlement Claim Certification Form must be submitted electronically or, in the case of a hard copy, postmarked, not later than **[45 days from the Mail Notice Completion Date]**.  Failure to fully follow the procedures or to provide all information requested on the Settlement Claim Certification Form will result in a Class Member receiving no relief under the settlement, but nonetheless being bound by any judgments, orders and releases in this Litigation.

**8.      What am I giving up to get a ticket, or stay in the Class?**

Unless you exclude yourself, you are staying in the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against the University of Pittsburgh about the legal issues in *this Litigation*.  It also means that all of the Court's orders will apply to you and legally bind you.

**9.      Can I exclude myself from the Class?**

If you do not wish to participate in this settlement, you must submit by first class mail a written request to opt-out to the post office box provided below.  Your request to opt-out must be postmarked not later than **[Notice Response Deadline]**.  Your request to opt-out must be signed by the Class Member opting-out and must contain the following information: (1) the name of this Litigation, *Colella v. University of Pittsburgh*; (2) the Class Member's full name, address, e-mail address, and telephone number; and (3) that the Class Member wishes to be excluded from membership in the Class.  The post office box address is:

Carlson Lynch Ltd.
36 N. Jefferson Street
P.O. Box 7635
New Castle, PA  16107

If you ask to be excluded, you will not get a ticket, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.  You may be able to sue (or continue to sue) the University of Pittsburgh in the future.

### 10.    If I don't exclude myself, can I sue the University of Pittsburgh for the same thing later?

No.  Unless you exclude yourself, you give up any right to sue the University of Pittsburgh for the claims that this settlement resolves.  If you have a pending lawsuit, involving the same claims that this settlement resolves, speak to your lawyer in that case immediately.  You must exclude yourself from *this* Class to continue your own lawsuit.  If you have a pending lawsuit on matters not addressed in this settlement, you may continue that lawsuit against the University of Pittsburgh.

### 11.    If I exclude myself, can I get a ticket from this Settlement?

No.  If you exclude yourself, do not send in a claim form to ask for a ticket.

### 12.    Do I have a lawyer in this Litigation?

The Court asked the law firm of Carlson Lynch LTD to represent you and other Class Members.  These lawyers are called Class Counsel.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 13.    How will these lawyers be paid?

Class Counsel will ask the Court to approve payment of attorneys' fees, costs and expenses in the aggregate amount of $75,000.00.  The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement.  In addition, Class Counsel will ask for payment of $2,500.00 to Michael Colella for his services as Class Representative.  The University of Pittsburgh will separately pay the fees, expenses, and payments that the Court awards.  The University of Pittsburgh has agreed not to oppose these fees and expenses.  The University of Pittsburgh will also pay the costs to administer the settlement.

### 14.    How can I object to the Settlement?

If you are a Class Member, you can object to the settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must file a written statement of objection with the Clerk of the Court and deliver a copy to Class Counsel and defense counsel, by first class mail postmarked not later than **[Notice Response Deadline]**.  The written statement of objection must set forth (i) the name of

this Litigation, *Colella v. University of Pittsburgh*; (ii) the Class Member's full name, address, e-mail address, and telephone number; and (iii) the specific reasons for the objection, and any evidence or legal authority the Class Member believes supports the objection.

The addresses of Class Counsel and the University of Pittsburgh's counsel are:

Gary F. Lynch, Esq.
Carlson Lynch Ltd.
36 N. Jefferson Street
P.O. Box 7635
New Castle, PA  16107

Michael J. Manzo, Esq.
Charles B. Gibbons, Esq.
Buchanan Ingersoll & Rooney
20th Floor, One Oxford Centre
Pittsburgh, PA 15219

Objectors who fail to properly or timely file their objections with the Court, or to serve them as provided above, shall not be heard during the Fairness Hearing, nor shall their objections be considered by the Court.

**15.    What's the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the settlement.  You can object only if you stay in the Class.  Excluding yourself is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you have no basis to object because the Litigation no longer affects you.

**16.    When and where will the Court decide whether to approve the Settlement?**

The District Court will hold a hearing to decide whether to approve the settlement.  The Fairness Hearing will be held on **[DATE]** at the Court, 700 Grant Street, Courtroom #7C, Pittsburgh, PA 15219.  At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate.  If there are objections or requests to be heard, the Court may consider them at the hearing.  The Court may also decide the amount of attorneys' fees and costs to be paid to Class Counsel.

**17.    Do I have to come to the Hearing?**

No. Class Counsel will answer questions Judge Schwab may have.  But, you are welcome to come at your own expense.  If you send an objection, you don't have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it's not necessary.

**18.    May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must file a Notice of Intention to Appear with the Clerk of Court and serve it upon Class Counsel and the University of Pittsburgh's counsel of record in the Litigation. Be sure to include your name, address, telephone number, and your signature.  Your Notice of Intention to Appear must be postmarked no later than **[Notice Response Deadline]**, and be sent to the Clerk of the Court, Class Counsel, and the University of Pittsburgh's counsel at the addresses in question 14.  You cannot speak at the hearing if you excluded yourself.

**19.    What happens if I do nothing at all?**

If you do nothing, you will not get a ticket from this settlement.  But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the University of Pittsburgh about the legal issues in *this Litigation*, ever again.

**20.    How do I get more information?**

The foregoing is only a summary of the circumstances surrounding the Litigation, the claims asserted, the Class, the settlement, and related matters.  You may seek the advice and guidance of your own private attorney, at your own expense, if you desire.  For more detailed information, you may review the pleadings, records, and other papers on file in this litigation, which may be inspected during regular business hours at the Clerk of the Court, 700 Grant Street, Suite 3100, Pittsburgh, PA, 15219.  If you wish to communicate with Class Counsel identified above, you may do so by writing to Gary F. Lynch, Carlson Lynch Ltd., 36 N. Jefferson Street, P.O. Box 7635, New Castle, PA, 16107.  Alternatively, you may call the offices of the firm at its toll free number, 1-800-467-5241, or email Class Counsel at glynch@carlsonlynch.com.

# **<u>Exhibit C</u>**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL COLELLA, individually and on behalf of all others similarly situated, | ) ) ) | Civil Action No.08-cv-00129 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| UNIVERSITY OF PITTSBURGH, and DOES 1 through 10, inclusive, | ) ) ) | |
| Defendants. | ) | |

## [PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT (EXHIBIT C)

Having considered the Class Action Settlement Agreement and all other materials properly before the Court and having conducted an inquiry pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement Agreement was entered by all parties in good faith, and the Settlement Agreement is approved. The Court will simultaneously, or the Clerk of the Court shall, enter the Judgment provided in the Settlement Agreement. The University of Pittsburgh shall disseminate appropriate relief to the Participating Claimants, Class Representative and Class Counsel as provided for in the Settlement Agreement.

DATED: _____     _____

The Honorable Arthur J. Schwab
United States District Court Judge

# **<u>Exhibit D</u>**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL COLELLA, individually and<br>on behalf of all others similarly situated, ) | Civil Action No.08-cv-00129 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| UNIVERSITY OF PITTSBURGH, and ) | |
| DOES 1 through 10, inclusive, ) | |
| ) | |
| Defendants. ) | |

**[PROPOSED] JUDGMENT (EXHIBIT D)**

This matter came on for hearing upon the joint application of the Settling Parties for approval of the settlement set forth in the Class Action Settlement Agreement (the "Settlement Agreement"). Due and adequate notice having been given to the Class, and the Court having considered the Settlement Agreement, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.     The Court, for purposes of this Judgment and Order of Dismissal ("Judgment"), adopts all defined terms as set forth in the Class Action Settlement Agreement filed in this case.

2.     The Court has jurisdiction over the subject matter of the Litigation, the Class Representative, the other Members of the Settlement Class and the University of Pittsburgh.

3.     The Court finds that the distribution of the Notice to Class Members Re: Pendency of Class Action as provided for in the Order Granting Preliminary Approval for the Settlement, constituted the best notice practicable under the circumstances to all Persons within the definition of the Class and fully met the requirements of due process under the United States

Constitution. Based on evidence and other material submitted in conjunction with the Settlement Hearing, the notice to the class was adequate.

      4.      The Court finds in favor of settlement approval.

      5.      The Court approves the settlement of the above-captioned action, as set forth in the Settlement Agreement, each of the releases and other terms, as fair, just, reasonable and adequate as to the Settling Parties. The Settling Parties are directed to perform in accordance with the terms set forth in the Settlement Agreement.

      6.      Except as to any individual claim of those persons (identified in Attachment A hereto) who have validly and timely requested exclusion from the Class, all of the Released Claims are dismissed with prejudice as to the Class Representative and the other Members of the Class. The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Settlement Agreement.

      7.      Solely for purposes of effectuating this settlement, this Court has certified a class of all Members of the Settlement Class, as that term is defined in and by the terms of the Stipulation.

      8.      With respect to the Rule 23 Class and for purposes of approving this settlement only, this Court finds and concludes that: (a) the Members of the Rule 23 Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Rule 23 Class, and there is a well-defined community of interest among Members of the Rule 23 Class with respect to the subject matter of the Litigation; (c) the claims of Class Representative Michael Colella are typical of the claims of the Members of the Rule 23 Class; (d) the Class Representative has fairly and adequately protected the interests of the Members of the Rule 23 Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy and common issues predominate over individual issues; and (f) the counsel of record for the Class Representative, i.e., Class Counsel, are qualified to serve as counsel for the plaintiffs in their individual and representative capacities and for the Rule 23 Class.

9.     By this Judgment, the Class Representative shall release, relinquish and discharge, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims (including Unknown Claims), including, without limitation, all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever including, without limitation, statutory, constitutional, contractual or common law claims, whether known or unknown, whether or not concealed or hidden, against the University Releasees for any type of relief, including, without limitation, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief, based on any and all claims in any way related to the publication of cardholder account information on a receipt provided to the cardholder at the point of sale or transaction, including but not limited to more than the last five digits of the cardholder's account number or the expiration date.  Nothing in this Judgment or the Settlement Agreement will release or is intended to release any claims the University has or might have against TicketReturn LLC or any other person or entity, including, but not limited to, claims for contribution and/or indemnity. This matter is hereby dismissed with prejudice.

10.     Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the University Releasees; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the University Releasees in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The University Releasees may file the Settlement Agreement and/or the Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.     The only Settlement Class Members entitled to relief pursuant to this Judgment are Participating Claimants.  Neither the Settlement Agreement nor this Judgment will result in the creation of any unpaid residue or residual.

12.     The University of Pittsburgh has agreed to pay Class Counsel their reasonable attorneys' fees in this matter as well as certain allowable costs in this matter.  The Court finds that these agreements are fair and reasonable.  The University of Pittsburgh is directed to make such payments in accordance with the terms of the Settlement Agreement.

13.     The Court reserves exclusive and continuing jurisdiction over the Litigation, the Class Representative, the Settlement Class and the University of Pittsburgh for the purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Settlement Agreement and this Judgment.

14.     This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.


IT IS SO ORDERED.

DATED: _____      _____
                                    The Honorable Arthur J. Schwab
                                    United States District Court Judge